GARY M. RESTAINO
United States Attorney
District of Arizona
SERRA M. TSETHLIKAI
CA State Bar No. 171177
ROBERT A. FELLRATH
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Serra.Tsethlikai@usdoj.gov
Email: Robert.Fellrath@usdoj.gov
Attorneys for Plaintiff

☒ FILED  ☐ LODGED
**DEC 13 2021**
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 19-1050-TUC-SHR-LCK |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Warren Evan Jose, | |
| Defendant. | |

The United States of America and the defendant, Warren Evan Jose, agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Counts One, Four, Five, Six and Seven of the Superseding Indictment charging a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i), 1324(a)(1)(B)(iii) and 1324(a)(1)(B)(iv) - Conspiracy to Transport Illegal Aliens for Profit with Endangerment During Which Death Resulted, a felony; violations of Title 18, United States Code, 111(a), 111(b) and 1114 - Assault on a Federal Officer with a Dangerous Weapon, Counts Four and Six, both felonies; and violations of Title 18, United States Code, Section 924(c)(1)(A)(iii), Discharge of a Firearm During a Crime of Violence, Counts Five and

Seven, both felonies. The defendant agrees to forfeit and/or abandon the firearm and ammunition seized during this case. The defendant agrees to pay restitution to the victims alleged and named in the Superseding Indictment. The balance of the Superseding Indictment will be dismissed at the time of sentencing. The government also agrees to dismiss Complaint No. 19-7310-MJ at the time of sentencing in this case.

## ELEMENTS OF THE CRIMES

The essential elements of **Conspiracy to Transport Illegal Aliens for Profit with Endangerment in which Death Resulted** are that:

1. There was an agreement between two or more persons to commit the offense of transporting illegal aliens in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii), that is, there was an agreement that all or some of the co-conspirators, knowing or in reckless disregard of the fact that aliens, that is Genaro Jimenez-Sanchez and Maria Martinez-Luna, had come to, entered, or remained in the United States in violation of law, would knowingly transport said aliens within the United States by means of transportation or otherwise, in furtherance of such violation of law;

2. The defendant became a member of the conspiracy knowing that the object of the conspiracy was the transportation of illegal aliens, that is Genaro Jimenez-Sanchez and Maria Martinez-Luna, and the defendant intended to accomplish said object;

3. During and in relation to the transportation of the aliens, the defendants placed in jeopardy the lives of the illegal aliens and others;

4. During and in relation to the transportation of the aliens, the defendants placed in jeopardy the lives of the illegal aliens and others wherein Theresa Medina-Thomas died and that the defendant's transportation of the illegal aliens was the proximate cause of the death; that is the death was a foreseeable result of the defendant's transportation; and

6. The defendant committed the offense for the purpose of private financial gain or commercial advantage.

////

The essential elements of **Assault on a Federal Officer with a Dangerous Weapon** are:

First, the defendant forcibly assaulted Homeland Security Investigations Special Agents Marcus Camacho and Jeffrey Hemphill;

Second, the defendant did so while Special Agents Camacho and Hemphill were engaged in, or on account of their official duties; and

Third, the defendant used a deadly or dangerous weapon, that is a Century Arms, 7.62x39 caliber pistol.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A firearm, such as a Century Arms, 7.62x39 pistol, is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

The essential elements of **Discharge of a Firearm During and in Relation to a Crime of Violence** are that:

First, the defendant committed the crimes of Assault on a Federal Officer, as charged in Counts Four and Six of the Superseding Indictment, crimes of violence;

Second, the defendant knowingly discharged/fired and used a Century Arms, 7.62x39 pistol; and

Third, the defendant discharged/fired the firearm in furtherance of the crimes of the Assault on a Federal Officer, namely Special Agents Marcus Camacho and Jeffrey Hemphill.

A defendant "used" a firearm if he actively employed the firearm during and in relation to the assaults on a federal officer.

////

## TERMS

**Maximum Penalties:**

The defendant understands and agrees that the maximum penalty for **Conspiracy to Transport Illegal Aliens for Profit with Endangerment in which Death Resulted** being pled to is $250,000.00 or a maximum term of life imprisonment, or both, and a maximum term of three (3) years supervised release. Restitution to the victim.

The defendant understands that the maximum penalties for the offense of **Assault on a Federal Officer with a Dangerous Weapon** to which he is pleading are a fine of $250,000, a maximum term of twenty (20) years of imprisonment, or both, and a term of three (3) years of supervised release. Restitution to the victim.

The defendant understands that the maximum penalties for the offense of **Discharge of a Firearm During and In Relation to a Crime of Violence** to which he is pleading are a fine of $250,000, a maximum term of lifetime imprisonment, **with a minimum term of ten (10) years imprisonment**, or both, and a maximum term of three (3) years supervised release.  NOTE:  The term of imprisonment **shall run consecutive** to the terms of imprisonment imposed for the Assaults on a Federal Officer, as charged and pled to in Counts Four and Six of the Superseding Indictment. In addition, the terms of imprisonment for these offenses (Counts Five and Seven) are stacked, meaning twenty (20) years of imprisonment (ten years plus ten years for each of the Discharge of a Firearm offenses pled to) **consecutive** to the sentences imposed on the other counts.

The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for **each** felony count.

Agreement Regarding Sentencing:
   a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and 18 U.S.C. § 3553(a), the parties stipulate and agree that a sentencing range of

   **300 months (25 years) to 540 months (45 years)** of imprisonment

is an appropriate and fair disposition, and is in the interest of justice.

b. The defendant agrees to pay restitution to the victims.

c. The defendant may withdraw from the plea agreement if he receives a sentence in excess of **540** months.

d. The defendant agrees that the Court can consider all the charges in the Superseding Indictment including all relevant conduct related to the dismissed charges of the Superseding Indictment at the time of sentencing pursuant to this plea agreement.

e. The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. Either party may argue for any departure or adjustment under the U.S. Sentencing Guidelines or a variance under 18 U.S.C. §3553(a) in support of a lawful sentence **within** the stipulated range agreed to in subparagraph a. Neither party may argue for a sentence outside the stipulated range agreed to in paragraph a. If the defendant requests or if the Court authorizes any reduction of sentence below the stipulated range above in subparagraph a, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

f. The parties retain the unrestricted right to make any and all statements it deems appropriate to the United States Probation Office and the Court and to make factual and legal responses to any statements made by the opposing party or to objections to the presentence report or to questions by the Court at the time of sentencing.

g. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

h. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

i. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, his supervised release may be revoked. Upon

such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

j. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or superseding indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion

of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

Reinstitution of Prosecution

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a.  All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b.  All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c.  All history of drug/alcohol abuse which would warrant a treatment condition as part of sentencing.

d.  All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

Agreement as to Property

a.  Defendant knowingly and voluntarily agrees to forfeit all right, title and interest in one Century Arms International, Model C39V2, 7.62x39mm AK-47 pistol, Serial Number C39P2A05186.

b.  Defendant further agrees to abandon and relinquish any and all right, title and

interest he may have in 452 rounds of various caliber ammunition.

    c.    Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the assets listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

    d.    Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    e.    The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

    f.    Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture or abandonment carried out in accordance with this plea agreement on any grounds.

    g.    Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, forfeiture or abandonment of the above-listed assets covered by this agreement.

    h.    Defendant knowingly and voluntarily agrees and understands the forfeiture or abandonment of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

**DEFENDANT'S APPROVAL AND ACCEPTANCE**

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty, I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am placed on supervised release by the court, the terms and conditions of such supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my supervised release, my supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written

plea agreement are without force and effect and are null and void. I am satisfied that my defense attorney has represented me in a competent manner. I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

**FACTUAL BASIS**:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty:

On or about April 11, 2019, beginning in the Village of Sells on the Tohono O'odham Nation and continuing up to Phoenix, in the District of Arizona, I, **Warren Evan Jose**, did agree with Valentina Rose Valenzuela and Theresa Medina-Thomas to pick up two illegal aliens at or near Sells and transport them to Phoenix. The three of us picked up two illegal aliens, including Genaro Jimenez-Sanchez and Maria Martinez-Luna, who I knew were illegal aliens with the intent to transport them farther into the United States so that they could remain in the United States illegally. I expected to be paid for my role in transporting and smuggling the two illegal aliens. During the transportation of the illegal aliens, Theresa Medina-Thomas died.

During the transportation of the illegal aliens, I drank alcohol and smoked drugs with Valentina Rose Valenzuela and Theresa Medina-Thomas. During the transportation of the two aliens, I drove part of the time while I was or had been drinking and using drugs; thus, endangering the illegal aliens and others. In addition, when Theresa Medina-Thomas was driving, federal agents activated their lights and sirens to stop our vehicle. At that time, Medina-Thomas failed to yield, and our vehicle crashed into one of the

agents' vehicles which caused both drivers to lose control of their vehicles which endangered the passengers of each vehicle and others.

In addition, while we were transporting the illegal aliens, I, **Warren Evan Jose**, was armed with a Century Arms, 7.62x39 pistol, an AK-47-style firearm. Prior to the shooting, Maria Martinez-Luna noticed the firearm and became frightened and concerned. Ms. Martinez-Luna informed me that the firearm frightened her. When agents attempted to pull over our vehicle, I knew that law enforcement was attempting to stop our vehicle. I pulled out the AK-47-style pistol that I brought on the trip and had kept at my feet. I knowingly shot at the federal agents. It was foreseeable I would use the firearm to keep the illegal aliens and to resist arrest. My use of drugs and alcohol along with possessing and firing a firearm was the proximate cause of Theresa Medina-Thomas's death.

I, **Warren Evan Jose**, did forcibly assault Special Agents Marcus Camacho and Jeffrey Hemphill, federal agents with Homeland Security Investigations by firing my Century Arms, 7.62x39 pistol at them multiple times. I fired at them knowing that they were federal agents as they had activated their sirens and lights to conduct a stop of my vehicle. They were attempting to stop my vehicle to arrest me pursuant to a federally issued arrest warrant; as such, they were engaged in and were performing their official duties. I submit that the Century Arms, 7.62x39 pistol, is a deadly and dangerous weapon. Furthermore, I submit that I discharged/fired and used the 7.62x39 pistol during the assaults on Special Agents Marcus Camacho and Jeffrey Hemphill, which are both crimes of violence. Furthermore, I admit that two of the bullets I fired grazed Agent Marcus Camacho on the head and on the

shoulder/arm, respectively. Another of my bullets just missed hitting Agent Jeffrey Hemphill on the head as he bent down to retrieve his firearm.

12/8/21
Date

Warren Evan Jose
Defendant

**DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

12/08/2021
Date

Erin Michelle Carrillo
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

SERRA TSETHLIKAI
Digitally signed by SERRA TSETHLIKAI
Date: 2021.12.06 14:16:06 -07'00'

SERRA M. TSETHLIKAI and
ROBERT A. FELLRATH
Assistant U.S. Attorneys